**FILED**
October 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DENNYS RAFAEL VELASQUEZ,** | § | |
| **Petitioner,** | § | |
| v. | § | **NO. SA-26-CV-6000-OLG** |
| **MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is the status of this habeas action. Because Petitioner was admitted to the United States and overstayed his visa, he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[1] No bond hearing has been held, however. That is because Petitioner never requested one. *See* Dkt. Nos. 4 at 1–3; 5 at 1. Petitioner initiated this habeas case anyway, challenging his detention on statutory and due process grounds. *See* Dkt. No. 1 at 14–18. Petitioner is correct that he is entitled to a bond hearing, and that the denial of such a hearing would violate the INA and his right to due process. But whether he exercises his right to the process provided to admitted aliens under the INA—as set forth in § 1226(a)—is up to him. Thus far, he has declined to do so.

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DENIED**.

This case is **CLOSED**.

**SIGNED** on October 28, 2026.

ORLANDO L. GARCIA
United States District Judge

[1] Insofar as the parties dispute whether Petitioner is subject to mandatory detention under § 1226(c), *compare* Dkt. No. 4 at 3, *with* Dkt. No. 5 at 3, he is entitled to have that dispute promptly resolved by an immigration judge at a *Joseph* hearing. *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).